

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FRANKLIN ROBERT ELKINS,     §
    §
          Petitioner,     §
    §
v.     §     No. 4:12-CV-738-A
    §
RICK THALER, Director,     §
Texas Department of Criminal     §
Justice, Correctional     §
Institutions Division,     §
    §
          Respondent.     §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Franklin Robert Elkins, a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Abilene, Texas, against Rick Thaler, Director of TDCJ, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction. No service has issued upon respondent.

### I. FACTUAL AND PROCEDURAL HISTORY

In this petition, petitioner challenges his October 16, 1998, conviction for felony burglary of a motor vehicle (BMV) in

Tarrant County, Texas, No. 0434415W, for which he was sentenced to 90 days' confinement. (Pet. at 2, 6) Petitioner is currently serving a 30-year sentence for intoxication manslaughter. *See Elkins v. Quarterman*, Civil Action No. 4:07-CV-047-Y.[1] His 1998 BMV conviction was used to enhance his sentence for the holding intoxication manslaughter conviction. *Id.*

## II. SUBJECT MATTER JURISDICTION

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490-91. This is true even if the prior conviction is

---

[1]The court takes judicial notice of the pleadings and orders in petitioner's prior federal petition.

used to enhance the sentence imposed for any subsequent crime of which he is convicted. *Maleng*, 490 U.S. at 492. Obviously, petitioner's 90-day sentence for his 1998 BMV conviction fully expired well over a decade ago. Thus, he was not in custody under the 1998 BMV conviction and sentence at the time this petition was filed, and he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

For the reasons discussed herein,

The court ORDERS the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED October *2-2* , 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

3